UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**SHANE DINS,**
N4002 Vista Drive
Campbellsport, WI 53010

        Plaintiff,

                              Case No.   20-cv-1553

vs.

**JOHN DEERE WELFARE PLAN FOR WAGE EMPLOYEES,**
Registered Agent:
Deere & Company
One John Deere Place
Moline, IL 61265
Attention: Plan Administrator

        and

**DEERE & COMPANY**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

        Defendants.

---

## COMPLAINT

---

The Plaintiff, Shane Dines, by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Campbellsport, Wisconsin.

2. Defendant, John Deere Welfare Plan For Wage Employees ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended.

3. Defendant, Deere & Company ("John Deere"), is Plaintiff's former employer and, on information and belief, is a corporation organized under the laws of Delaware and licensed to do business in Wisconsin.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

9. Defendants approved Plaintiff's claim for LTDI benefits from September 28, 2019, through December 31, 2019.

10. Plaintiff's LTDI benefit is worth $2,200 per month, less current tax withholdings or a Social Security Disability Award, if any.

11. While Plaintiff was approved for LTDI benefits, John Deere continued to offer Plaintiff and his family coverage under its employee health, dental, and vision insurance plans.

12. On January 6, 2020, Defendants denied Plaintiff's LTDI benefits claim beyond December 31, 2019.

13. As a result of the LTDI denial, John Deere discontinued Plaintiff's and his family's coverage under its employee health, dental, and vision insurance plans.

14. Had Plaintiff's LTDI claim not been denied, he and his family would have remained eligible to continued coverage under John Deere's health, dental, and vision insurance plans.

15. Defendants determined whether Plaintiff was eligible for LTDI benefits.

16. Defendants were responsible for paying Plaintiff's LTDI benefits.

17. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

18. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

19. Plaintiff submitted all information requested by the Defendants.

20. On May 13, 2020, Defendants upheld its denial of Plaintiff's LTDI.

21. Defendants failed to consider the issues raised in Plaintiff's appeal.

22. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

23. Defendants did not perform a "full and fair review" of Plaintiff's claim.

24. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

25. Defendants failed to adequately explain why it rejected specific evidence in Plaintiff's file.

26. Defendants failed to engage in a meaningful dialogue with Plaintiff.

27. Defendants failed to adequately explain its reasons for denying Plaintiff benefits.

28. Defendants conducted a selective review of Plaintiff's medical records.

29. Defendants failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

30. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

31. At all times material to this case, the Plan has remained in full force and effect.

32. Defendants' denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

# FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

33. The preceding paragraphs are reincorporated by reference as though set forth here in full.

34. Plaintiff has been and remains disabled, as that term is defined by the Plan.

35. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is arbitrary and capricious as the Plan has granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

36. Defendants arbitrarily and capriciously denied Plaintiff benefits.

37. Defendants interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

38. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plan from one case to the next.

39. As both the payer of claims and the adjudicator of claim eligibility, Defendants have an inherent conflict of interest.

40. Defendants' denial of Plaintiff's LTDI benefits was "downright unreasonable."

41. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Shane Dins, demands judgment from the Defendants for the following:

    A.    Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

    B.    A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

    C.    A declaration of Plaintiff's and his family's continued health, dental, and vision insurance benefits through John Deere;

    D.    Prejudgment interest;

    E.    Reasonable attorney's fees and costs related to the action; and

    F.    Such other and further relief that the Court deems just and equitable.

Dated: 10/8/20

**HAWKS QUINDEL, S.C.**

By: */s/ William E. Parsons*
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
Jessa L. Victor, State Bar No. 1099144
Email: jvictor@hq-law.com
409 East Main Street
PO Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

*Attorneys for Plaintiff, Shane Dins*